**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REYNALDO LOPEZ,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1382** |
| | : | |
| **OFFICER PATRICK T. MACZKO,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                          **August 28, 2008**

Before me are the motions for summary judgment filed by defendant Officer

Russell Lande[1] (Document #26), and by Officer Patrick T. Maczko, Officer James Freed,

Sergeant Robert Ripper, Commissioner Francis Donchez, and City of Bethlehem

(collectively, "Bethlehem defendants") (Document #28).  Plaintiff, Reynaldo Lopez,

alleges that excessive force was used by members of the Bethlehem Police Department

during his April 5, 2005 arrest.  Based on the following discussion, I will grant the motion

of Officer Russell Lande in its entirety, and I will grant, in part, the motion by the

remaining Bethlehem defendants.  The Bethlehem defendants' motion is denied with

respect to Mr. Lopez's § 1983 excessive force claim against officers Maczko and Freed,

his state law assault and battery claim against these two defendants, and his § 1983

---

[1]There appears to be some confusion as to the proper spelling of Officer Lande's last
name.  For the purposes of this motion, I adopt the spelling used in Officer Lande's Motion for
Summary Judgment.

supervisory liability claim and failure to intervene claim against Sergeant Ripper.  I will also dismiss plaintiff's claim for punitive damages as against defendant Ripper, but uphold the claim as to officers Maczko and Freed.

## I.    BACKGROUND[2]

This case arises out of the April 5, 2005 arrest of plaintiff by officers of the Bethlehem Police Department, after plaintiff was seen driving without a valid license. Plaintiff has been wheelchair dependent for the last nineteen (19) years.  He is paralyzed in one leg.  He has never held a valid drivers' license, though he does own a motor vehicle and operates it even though he knows it is against the law.  Prior to the incident at issue, he had been stopped and cited for driving without a drivers' license between five and ten times.

On April 5, 2005, plaintiff was unlawfully driving his vehicle without a license when he was observed by defendant Bethlehem Police Officer Patrick Maczko.  When plaintiff saw Officer Maczko, he knew he would be stopped because Maczko had stopped him before and knew he did not have a license.  Rather than stop when Officer Maczko activated his overhead lights, plaintiff pointed towards his house (where his wheelchair was), and drove at a slow speed, waiving the officer toward his house.  After stopping, plaintiff exited his vehicle and approached Officer Maczko.  Officer Maczko instructed plaintiff to return to his vehicle, repeatedly yelling "get back in the fucking car."  (Pl.'s

---

[2]I have viewed the facts in the light most favorable to the plaintiff, as the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Mat. Facts, Ex. A., 77-78.)  At this point, plaintiff had seated himself in his wheelchair. Plaintiff asked why the officer wouldn't just give him a ticket for driving without a license.

During this exchange, a friend of plaintiff approached and became involved in the encounter.  Plaintiff's friend advised him to return to his vehicle.  Plaintiff and Officer Maczko then became involved in a physical struggle that Mr. Lopez alleges consisted of Officer Maczko "jumping on the disabled body of Plaintiff as he was laying on the ground with his arm pinned under his body."  (See Pl.'s Mat., Facts, Ex. A, 85-87.) Plaintiff also states in his deposition testimony that his young daughter witnessed these events, including watching her father thrown from his wheelchair and slammed into the ground while Officer Maczko was yelling and swearing.  (See Pl.'s Mat. Facts, Ex. A, 77-80.)

At some point during the scuffle, plaintiff avers that Officer Freed arrived at the scene and yelled, "oh, this motherfucker."  (See Pl.'s Mat. Facts, Ex. A, 86:19-20.) Officers Freed and Maczko attempted to take plaintiff into custody, commanding plaintiff to put his hands behind his back.  Plaintiff stated in his deposition testimony that he could not comply with this request because his arm was pinned under his body.  (See  Pl.'s Mat. Facts, Ex. A, 79:14-81:6 ("He was – he had his – his weight on me and I couldn't take out my right hand to put it to the back so he could put the handcuff but he was trying to handcuff me for no reason I guess."))  While the officers attempted to overcome plaintiff,

3

he contends that Officer Freed put his knee on plaintiff's back and struck plaintiff with a flashlight two to three times on the forearm, shoulder, and back.  (See Pl.'s Mat. Facts, Ex. A, 89:9-24.)

After the strikes, and once plaintiff was able to pull his arm out from under his body, the officers handcuffed Mr. Lopez and lifted him to his feet.  (See Pl.'s Mat. Facts, Ex. A, 91.)  With one officer on either side of Mr. Lopez, he was escorted to the police cruiser.  (See Pl.'s Mat. Facts, Ex. A, 93.)  Plaintiff claims, and Officer Lande corroborates, that Officers Freed and Maczko "escorted" him to the cruiser by "picking up Mr. Lopez, telling him 'You can f'cken [sic] walk,' dragging him to a police car and tossing him inside with his legs dangling outside of the vehicle."  (See Civ. A. No. 07-2902, Lande v. City of Bethlehem, et al., Compl. ¶ 19 (Document #1) (hereinafter "Whistleblower Compl.," or generally as "whistleblower action"), Pl.'s Mat. Facts, Ex. B.)  Officer Freed had no other interaction with plaintiff.  In his complaint against the City of Bethlehem in the whistleblower action, Officer Lande includes the factual allegation that he had to physically grab Officer Maczko and tell him to "tone it down" in order to prevent the officer from slamming the car door on plaintiff's legs.  (See id. ¶ 20.)  Officer Maczko pushed plaintiff's legs further inside the car and closed the door.

According to Officer Lande's Whistleblower Complaint, Sergeant Ripper was present at the scene of the incident.  (See id. ¶ 22.)  In his deposition, when asked if he knows who Sergeant Ripper is, plaintiff stated, "I heard his name.  Physically I don't – I

4

heard of him.  Probably he was there that time, but no.  But his, name I don't put his face
and his name together.  No."  (See Pl.'s Mat. Facts, Ex. A, 118: 18-21.)

Following his arrest, plaintiff was taken to St. Luke's Hospital where he was
treated for bruises from the blows with Officer Freed's flashlight.  He claims to have
sought medical help for emotional injuries stemming from the incident, but has not
received further treatment for physical injuries caused by the struggle with Officers Freed
and Maczko.  (See Pl.'s Mat. Facts, Ex. A, 153-54.)

As a result of the encounter with Officers Maczko and Freed, plaintiff was charged
with aggravated assault, simple assault, terroristic threats, harassment, resisting arrest,
disorderly conduct, and driving with a suspended license.  After a preliminary hearing, the
Court of Common Pleas for Northampton County dismissed the charge of aggravated
assault, admonishing defendant Maczko: "what in the world possessed all of this when
you could have written a citation and mailed it?"  (See Commonwealth v. Lopez, OTN
#Ko79995-6, Prelim. Hr'g N.T., Apr. 28, 2005 (hereinafter "Prelim. Hr'g N.T."), 25: 21-
24), Pl.'s Mat. Facts, Ex. C.)  On August 14, 2006, Mr. Lopez pleaded guilty to the
charges of disorderly conduct and driving with a suspended license in exchange for
dismissal of all other charges.  The plea agreement was entered into by the
Commonwealth after Officer Lande informed the Assistant District Attorney that
excessive force had been used against the plaintiff, according to Officer Lande's
whistleblower complaint.  (See Whistleblower Compl. ¶ 26.)

In his statement of facts, Officer Lande states the following:

> When Officer Lande arrived at the scene, Lopez was already handcuffed and on the ground. According to Lopez, it was Officers Freed and Maczko that threw him into the back of a patrol car. It was Officer Lande who arranged to take Lopez from the police station to a local hospital. Lopez describes Lande as really professional and opined in his deposition, that Lande did a great job. Officer Lande treated him with respect. He treated him like a person, like a human being. He has not seen Officer Lande or spoken with him since that time.

(See Lande Br. 3-4 (internal references omitted).) In support of these factual submissions, Officer Lande presents his own unsworn statement (see id., Ex. B, ("At that time, Plaintiff, Reynaldo Lopez, was on the ground, on his stomach, and handcuffed to the rear"), and the plaintiff's deposition testimony (See id., Ex. A, 101, 116-17, 123-32.) Plaintiff has not filed a counter-statement of undisputed facts responsive to Officer Lande's above description.

Following this Court's ruling on the defendants' motion to dismiss (Document #15), the remaining claims set forth in plaintiff's Complaint are as follows:

| | |
|---|---|
| Count I: | 42 U.S.C. § 1983 (against all defendants–color of law)[3] |
| Count III: | 42 U.S.C. § 1983 (excessive force against all defendants) |
| Count VI: | 42 U.S.C. § 1983 (supervisory liability against individual defendants) |
| Count VII: | 42 U.S.C. § 1983 (conspiracy against all defendants, in their individual capacity) |
| Count VIII: | 42 U.S.C. § 1983 (municipal liability against City of Bethlehem) |
| Count XI: | Assault and battery (against individual defendants, in their |

---

[3]Count I does not allege a substantive cause of action, only that defendants were acting under color of state law. (See Compl. ¶¶ 42-44.) It is admitted that defendants were so acting. I will therefore not address this count further here.

individual capacity)

Count XIV:  Intentional infliction of emotional distress (against individual defendants, in their individual capacity)

Moving defendants seek summary judgment on all remaining claims.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56, the court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at 252. If the non-moving party has exceeded the mere scintilla of evidence threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

III. DISCUSSION[4]

A.    Officer Russell Lande's Motion for Summary Judgment

Plaintiff has furnished no evidence in support of his claims against Officer Lande.

_____

[4]I begin by noting that, while plaintiff has filed a response to the statement of facts submitted by the Bethlehem defendants (Document #36), he has not submitted a memorandum of law in support of his response, despite this Court's June 5, 2008 Order directing plaintiff to file an opposition brief. A dispositive motion generally may not be granted merely because it is unopposed. Gilchrist v. Hogsten, 2006 U.S. Dist. LEXIS 82817 (D. Pa. 2006) (citing Anchorage Assoc. v. Virgin Islands Board of Tax Review, 922 F.2d 168, 174 (3d Cir. 1990)). I will move to a merits analysis, but admonish plaintiff's counsel for flouting the Rules that I must now invoke to his benefit.

He may not rest on the allegations of the Complaint, as Mr. Lande has come forward with evidence showing the absence of liability for the alleged excessive force used against Mr. Lopez, for any conspiracy to violate Mr. Lopez's civil rights, and for supervisory responsibility.  Celotex, 477 U.S. at 322.  Plaintiff's own sworn testimony indicates that the first time he observed Officer Lande was at the police station.  (See Lande Br., Ex. A, 155:11-17.)  That the only officer who treated Mr. Lopez "like a human being" could be responsible for excessive force, battery and inflicting emotional distress is unreasonable and an insult to Officer Lande, considering plaintiff's own esteem for his professional conduct.

Accordingly, I will grant Officer Lande's motion for summary judgment in its entirety.

B.      Count IX: City of Bethlehem

Even if plaintiff could establish that a constitutional violation has taken place, under § 1983 he must present adequate evidence to raise a genuine issue as to the existence of a policy, custom or practice responsible for the alleged deprivation of constitutional rights.  Monell v. Department of Social Services, 436 U.S. 658, 690-95 (1978).  Plaintiff presents no evidence to develop his Monell claim against the City of Bethlehem, which he must do as the party bearing the burden of proof on this issue. Celotex, 477 U.S. at 322.  I will therefore grant the motion for summary judgment with respect to Count IX.

C.      Count III: Excessive Force

            1.      *Sgt. Ripper and former Commissioner Donchez*

        To the extent the Complaint states a § 1983 claim of excessive force against Sergeant Ripper and former Commissioner Donchez, that claim is dismissed as legally insufficient.  Mr. Lopez's own testimony forecloses a claim against Sergeant Ripper and former Commissioner Donchez, when he states that the only officers to use force against him were officers Maczko and Freed.  (See Bethlehem defs.' Br., Ex. A, 78, 81, 89-95, 101-02.)  The motion is therefore granted as to the Count III claims against Sergeant Ripper and Commissioner Donchez.  Plaintiff's supervisory claims against Sergeant Ripper and former Commissioner Donchez are considered *infra*, Section D.

            2.      *Officers Maczko and Freed*

                a.      *Merits*

        I cannot conclude on this record that plaintiff has failed to provide sufficient evidence of excessive force for summary judgment purposes.  Officers Maczko and Freed attempt to explain their actions as "taking a resisting arrestee to the ground and using two or three strikes or an impact weapon (a flashlight) to gain control of him."  (Bethlehem defs.' Br. 8.)  Plaintiff and Officer Lande tell a different story.  At a minimum, plaintiff has raised a genuine issue concerning the justification for such a violent take down in a case of driving on a suspended license.

        Whether or not force is excessive is determined by an objective, "reasonableness"

standard:

> "[T]he test of reasonableness under the Fourth Amendment is not capable
> of precise definition or mechanical application," <u>Bell v. Wolfish</u>, 441 U.S.
> 520, 559 (1979), however, its proper application requires careful attention
> to the facts and circumstances of each particular case, including the severity
> of the crime at issue, whether the suspect poses an immediate threat to the
> safety of the officers or others, and whether he is actively resisting arrest or
> attempting to evade arrest by flight. <u>See</u> <u>Tennessee v. Garner</u>, 471 U.S., at
> 8-9 (the question is "whether the totality of the circumstances justifie[s] a
> particular sort of . . . seizure").

<u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).  Defendants' arguments on the application

of the reasonableness standard are properly addressed to a jury in light of the fact that

plaintiff and Officer Lande attest to a far less "rapidly-evolving situation" of violent

resistance on the part of Mr. Lopez.

     b. *Qualified Immunity*

  Defendants are entitled to qualified immunity if a reasonable officer could have

believed that their conduct was lawful in light of clearly established law and the

information they possessed at the time.  <u>See</u> <u>Karnes v. Skrutski</u>, 62 F.3d 485, 491 (3d Cir.

1995).

  On the record before me, I cannot conclude as a matter of law that it was plaintiff's

alleged resistence to arrest that precipitated the force used against him.  My reading of the

facts suggests that Officer Maczko may have used force even before plaintiff had situated

himself in his wheelchair.  Once plaintiff was already in handcuffs, both Officer Maczko

and Officer Freed violently dragged him to the cruiser and nearly slammed the door on

his legs.  Surely these actions, to extent the jury believes plaintiff's story, constitute an unnecessary use of force against Mr. Lopez.  In light of the fact that plaintiff has submitted Officer Lande's Whistleblower Complaint, where he, a police officer himself, alleges that excessive force was used by officers Maczko and Freed, Mr. Lopez should be permitted to argue to a jury that a "reasonable" officer might reach the same conclusion.

In light of the foregoing, I will deny the Bethlehem defendants' motion for summary judgment with respect to Mr. Lopez's excessive force claim against Officer Maczko and Officer Freed.

D.    Count VI: Supervisory Liability of Former Commissioner Donchez and Sergeant Ripper

There are two theories of supervisory liability under which a plaintiff can sue a municipal defendant in a personal capacity action.  See A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 578 (3d. Cir. 2004).  Under the first theory, defendants can be sued as policy-makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'"  Id. (citing Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989).  The second theory provides for personal liability if plaintiffs can show that a supervisor "participated in violating their rights, or that he directed others to violate them, or that he … had knowledge of and acquiesced in his subordinates' violations."  Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990)).  There is no

liability for personal capacity actions based only on a theory of respondeat superior. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988); <u>Monell</u>, 436 U.S. at 693.

I have already concluded that plaintiff's <u>Monell</u> claim is meritless, eliminating any argument that a policy, custom or practice maintained by either Ripper or Donchez directly caused the alleged constitutional violation.  <u>See</u> <u>Baker</u>, 50 F.3d at 1190-91.  He has also failed to come forward with any evidence regarding the actions of former Commissioner Donchez in relation to the events of April 5, 2005.  I will therefore grant defendants' motion with respect to Commissioner Donchez.

Plaintiff has shown, through his own testimony and by the averments of Officer Lande's Whistleblower Complaint, that Sergeant Ripper was present at the scene of plaintiff's arrest and that defendant Ripper witnessed what Officer Lande called an incident of excessive force.  Viewing these facts in the light most favorable to plaintiff, he has raised a genuine issue as to whether Sergeant Ripper "had knowledge of and acquiesced in his subordinates' violations."  <u>Baker</u>, 50 F.3d at 1190-91.  I must deny the motion as to defendant Ripper and permit a jury to consider the credibility plaintiff's evidence of knowing acquiescence.

E.    Count VII: Failure to Intervene

For the reasons discussed in the preceding section, I will grant defendants' motion and dismiss plaintiff's Count VII failure to intervene claim as to former Commissioner Donchez.

Because plaintiff has come forward with facts showing that Sergeant Ripper was present at the scene of a possible violation of Mr. Lopez's civil rights through use of excessive force by officers Maczko and Freed, I must deny the motion with respect to Sergeant Ripper.  See Garbacik v. Janson, 03-3149, 2004 U.S. App. Lexis 20500, at *7-9 (3d Cir. Sept. 29, 2004); Smith v. Mensinger, 293 F.3d 641, 650-52 (3d Cir. 2002) ("If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.")

F.      Count VIII: § 1983 Conspiracy

"To state a claim for conspiracy in violation of Section 1983, a plaintiff must allege '(1) the existence of a conspiracy involving state action; and (2) a [deprivation] of civil rights in furtherance of the conspiracy by a party to the action.'" Startzell v. City of Philadelphia, No.  05-5287, 2007 U.S. Dist. Lexis 4082, at *60 (E.D. Pa. Jan. 18, 2007) (quoting Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000).  "Central to any conspiracy claim are specific factual allegations that 'there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end.'" Id. at *61-62 (quoting Lamb Fount. v. N. Wales Borough, No. 01-950, 2001 U.S. Dist. Lexis 18797, at *47 (E.D. Pa. Nov. 16, 2001)).

The record is devoid of direct or circumstantial evidence establishing a mutual understanding, plot, plan or agreement between the officers involved in plaintiff's arrest.

14

See id. (circumstantial evidence may be used to establish a conspiracy). I will therefore grant defendants' motion with respect to this claim and dismiss Count VIII.

G.      State Law Claims

　　*1.      Assault and battery*

　　　　*a.      Sgt. Ripper and Former Commissioner Donchez*

Plaintiff has not alleged that Sergeant Ripper or Commissioner Donchez used any form of physical force or threat of physical force against him. I will therefore dismiss the plaintiff's state law assault and battery claim as against these defendants.

　　　　*b.      Officers Maczko and Freed*

Because I have found a genuine issue as to the reasonableness of these officers' use of force, plaintiff's assault and battery claim against them must survive summary judgment. See Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (a police officer may commit what would otherwise be a battery while making an arrest, provided the force used is reasonable).

　　*2.      Intentional infliction of emotional distress (IIED)*

"Although the Pennsylvania Supreme Court has repeatedly stated that it has not expressly recognized the tort of intentional infliction of emotional distress, and thus has never formally adopted Section 46 of the Restatement (Second) of Torts, courts in the Third Circuit have repeatedly held that Pennsylvania [law] does recognize the tort, in spite of 'speculation' to the contrary." United States ex rel. Magid v. Barry Wilderman,

15

No. 96-4246, 2005 U.S. Dist. LEXIS 2926, at *16-17 (E.D. Pa. Feb. 28, 2005) (internal

citation and quotation marks omitted); <u>see also</u> <u>Brown v. Muhlenberg Township</u>, 269

F.3d 205, 217 (3d Cir. 2001) (predicting that "the Supreme Court of Pennsylvania would

recognize the tort of intentional infliction of emotional distress as described in

RESTATEMENT (SECOND) OF TORTS § 46"); <u>Echevarria v. Unitrin Direct Ins. Co.</u>, Civ. A.

No. 02-8384, 2003 U.S. Dist. LEXIS 4680, at *7 (E.D. Pa. Mar. 17, 2003) (quoting

<u>Weinstein v. Bullick</u>, 827 F. Supp. 1193, 1203 (E.D. Pa. 1993)); <u>Hunger v. Grand Cent.</u>

<u>Sanitation</u>, 447 Pa. Super. 575, 670 A.2d 173, 177 (Pa. Super. Ct. 1996) (stating that the

Superior Court recognizes a cause of action for intentional infliction of emotional distress

under § 46).

Section 46 provides:

> (1) One who by extreme and outrageous conduct intentionally or recklessly
> causes severe emotional distress to another is subject to liability for such
> emotional distress, and if bodily harm to the other results from it, for such
> bodily harm.

RESTATEMENT (SECOND) OF TORTS § 46.

A party claiming the tort of intentional infliction of emotional distress must show

that the alleged conduct: (1) was "extreme and outrageous"; (2) was performed

intentionally or recklessly; and (3) caused severe emotional distress.  <u>Bradshaw v. Gen.</u>

<u>Motors Corp.</u>, 805 F.2d 110, 113-14 (3d Cir. 1986) [*17]  (citing <u>Chuy v. Phila. Eagles</u>

<u>Football Club</u>, 595 F.2d 1265, 1274-76 (3d Cir. 1979)).

In order to succeed on his claim of intentional infliction of emotional distress,

plaintiff must also furnish competent medical evidence showing that he has suffered

severe emotional injury.  See Kazatsky v. King David Memorial Park, Inc., 515 Pa. 183,

197, 527 A.2d 988, 995 (1987) ("If section 46 of the Restatement is to be accepted in this

Commonwealth, at the very least, existence of the alleged emotional distress must be

supported by competent medical evidence"); see also Williams v. Guzzardi, 875 F.2d 46,

52 (3d Cir. 1989); Bougher v. University of Pittsburgh, 882 F.2d 74, 80 (3d Cir. Pa. 1989)

("Pennsylvania requires that competent medical evidence support a claim of alleged

intentional infliction of emotional distress.")  He has not.  The record evidence showing

emotional injury is limited to plaintiff's own deposition testimony that he sought medical

treatment for his emotional injury. (See Pl.'s Mat. Facts, Ex. A, 154:3-7.) ("Well, I started

like looking for help.  I needed help, so I started looking.  I went to St. Luke's and then

they referred me to Mental Health on Fourth Street, but they have stairs.  So then they

referred me to HMO.")

In light of the ample authority requiring independent medical evidence

documenting emotional injury, and plaintiff's failure to come forward with such

evidence, I must dismiss the intentional infliction of emotional distress claim.

H.     Punitive Damages

"A court cannot impose a punitive damages award against an official acting in his

or her individual capacity unless the actor's conduct is, at a minimum, reckless or callous.

Startzell, 2007 U.S. Dist. Lexis 4082, at *75 (citing Brennan v. Norton, 350 F.3d 399,

428-29 (3d Cir. 2003)).

Viewing the facts most favorably to Mr. Lopez, it is reasonable to conclude that officers Maczko and Freed acted in a reckless or callous manner.  The record contains evidence not only from plaintiff, but also from Officer Lande, that Maczko and Freed deliberately attacked a paraplegic man, knocked him out of his wheelchair and pinned him to the ground, cursed at him in front of his young daughter, beat him with a flashlight, then threw him in the back of a cruiser and but for the restraint of a fellow officer, would have slammed the door on his paralyzed legs.  As the Court of Common Pleas judge observed at plaintiff's preliminary hearing, a simple ticket in the mail would have sufficed.  I will therefore permit the claim for punitive damages against officers Maczko and Freed.

As against the remaining defendants, namely Sergeant Ripper and former Commissioner Donchez, the record is insufficient, as a matter of law, to permit a punitive damages award.  I will therefore grant the motion for summary judgment with respect to the punitive damages claim against all defendants save officers Maczko and Freed.

## IV.   CONCLUSION

I will grant Officer Lande's Motion for Summary Judgment in its entirety. Respecting the Bethlehem defendants' motion, summary judgment is denied as to Count III (§ 1983 excessive force, as against officers Maczko and Freed only); Count VI (§ 1983 supervisory liability, as against Sergeant Ripper only); Count XI (state law assault and

battery, as against officers Maczko and Freed only); and the punitive damages claim

(against officers Maczko and Freed only).  The motion of Bethlehem defendants is

granted in all other respects.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REYNALDO LOPEZ,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1382** |
| | : | |
| **OFFICER PATRICK T. MACZKO,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**O R D E R**

STENGEL, J.

     **AND NOW**, this 28th day of August, 2008, upon consideration the motions for summary judgment filed by defendant Officer Russell Lande (Document #26), and by Officer Patrick T. Maczko, Officer James Freed, Sergeant Robert Ripper, Commissioner Francis Donchez, and City of Bethlehem (collectively, "Bethlehem defendants") (Document #28), it is hereby **ORDERED** that:

    (1)    Officer Lande's Motion for Summary Judgment is hereby **GRANTED** in its entirety.

    (2)    The Bethlehem defendants' Motion for summary Judgment is **DENIED** as to **Count III** (§ 1983 excessive force, as against officers Maczko and Freed <u>only</u>); **Count VI** (§ 1983 supervisory liability, as against Sergeant Ripper <u>only</u>); and **Count XI** (state law assault and battery, as against officers Maczko and Freed <u>only</u>); and the **punitive damages** claim (against officers

Maczko and Freed <u>only</u>).

(3)     The motion of Bethlehem defendants is **GRANTED** in all other respects.

BY THE COURT:

<u>    /s/ Lawrence F. Stengel    </u>
LAWRENCE F. STENGEL, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REYNALDO LOPEZ,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1382** |
| | : | |
| **OFFICER PATRICK T. MACZKO,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

**O R D E R   O F   J U D G M E N T**

**STENGEL, J.**

　　**AND NOW**, this 28th day of August, 2008, in accordance with my Order granting

the defendant's Motion for Summary Judgment, and in accordance with Federal Rule of

Civil Procedure 54(b), judgment is hereby entered on behalf of the defendants, Officer

Russell Lande, City of Bethlehem and Commissioner Francis Donchez, and against the

plaintiff.

　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　 /s/ Lawrence F. Stengel　　　
　　　　　　　　　　　　　LAWRENCE F. STENGEL, J.